United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Pedro Rodriguez Rodriguez, § § § *Plaintiff,* § § v. § § Kilolo Kijakazi, § Acting Commissioner of Social § Security, § § *Defendant.* § | Civil Action No. 4:21-cv-02087 |

## **MEMORANDUM AND RECOMMENDATION**

This is an appeal from an administrative ruling that denied Plaintiff Pedro Rodriguez Rodriguez's request for social security benefits, which was referred to the undersigned judge. Dkt. 18. After carefully considering the parties' briefs, the administrative record, and the applicable law, the Court recommends granting Rodriguez Rodriguez's Motion for Summary Judgment (Dkts. 14, 15) and denying Defendant Kilolo Kijakazi's Motion for Summary Judgment (Dkts. 12, 13).

### **Background**

Rodriguez Rodriguez filed for social security benefits under Title XVI, claiming a disability onset date of September 13, 2015. R.17, 398. His application claimed he suffered from back issues, mental issues, depression,

and pain in his neck, chest, legs, and left arm.  R.402.  His claim was denied initially and upon reconsideration on June 28, 2016.  R.181.

In September 2018, the administrative law judge (ALJ) held a hearing; Rodriguez Rodriguez's attorney failed to appear.  *Id.*  The hearing proceeded, and the ALJ heard testimony from Rodriguez Rodriguez and an impartial vocational expert.  R.72-117.  After the hearing, the ALJ issued an adverse decision, denying Rodriguez Rodriguez benefits.  *See* R.181-95.  The ALJ found that Rodriguez Rodriguez was capable of light work, with certain physical and mental limitations, including "the use of a cane for ambulation when walking long distances (meaning more than one block)."  R.187.  Nevertheless, she found there were a significant number of jobs in the national economy that Rodriguez Rodriguez could perform, which meant he was not disabled.  R.194.

After Rodriguez Rodriguez sought review, the Social Security Administration Appeals Council remanded the matter to the ALJ.  R.204-06.  The Appeals Council found that the ALJ failed to provide a rationale for her finding that Rodriguez Rodriguez could communicate in English despite his need for an interpreter.  R.205.  The Appeals Council ordered the ALJ to conduct further proceedings to (i) consider Rodriguez Rodriguez's maximum residual functional capacity, and to support that finding with "specific references to evidence in the record"; (ii) consider Rodriguez Rodriguez's ability to communicate in English; and to (iii) obtain supplemental evidence from a

vocational expert on Rodriguez Rodriguez's ability to perform work based on the capacity and limitations reflected in the entire record. R.205-06.

Upon remand, the ALJ held a second hearing. R.118-58. The ALJ described the remand as having a "very narrow focus" which was "to give further consideration to whether or not Mr. Rodriguez meets the criteria to be illiterate or unable to communicate in English." R.124. The ALJ encouraged Rodriguez Rodriguez's counsel to avoid exhibits that had been addressed at the first hearing and to "please keep in mind that one of the strongest focuses is the basis for the remand, and that is the literacy issue." R.130.

Nevertheless, counsel questioned Rodriguez Rodriguez about his new or worsening symptoms. He testified about suffering intolerable pain that caused a limp and several falls while walking. R.132-33. He also testified about swelling and tingling in his legs that was more severe than it was at the time of the first hearing. R.133. He claimed that the pain and discomfort has caused issues walking, sitting, and sleeping—and even rose to the level of requiring visits to the emergency room for pain management injections. R.133-34. He uses a cane "daily." R.134. Separately, regarding his back pain, he testified that neither surgical interventions nor physical therapy, nerve blocks, and spinal stimulators had successfully alleviated his pain. R.137-38.

In November 2020, the ALJ issued another decision denying Rodriguez Rodriguez's claim. R.17-30. First, the ALJ again found that Rodriguez

3

Rodriguez met the requirements for insurance under the Social Security Act. R.19. Second, the ALJ found that Rodriguez Rodriguez suffered from degenerative disc disease of the lumbar and cervical spines, obesity, a left shoulder disorder, anxiety, and depression. R.20. Third, the ALJ determined that none of these severe impairments met or medically equaled a listed impairment in 20 CFR Part 404, Subpt. P, App'x 1. R.20-22.

The ALJ then determined that Rodriguez Rodriguez had a residual functional capacity (RFC) to perform light work, with a number of postural and lower-body limitations:

> [H]e can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid all exposure to unprotected heights…. The claimant can occasionally push, pull, and operate foot controls bilaterally….

R.22.

Given this RFC, the ALJ found that Rodriguez Rodriguez could hold jobs that were available in the national economy, including work as a garment sorter, laundry classifier, and photocopy machine operator. R.29. She found Rodriguez Rodriguez not disabled as a result. R.29-30.

Rodriguez Rodriguez unsuccessfully appealed the ALJ's second decision to the Social Security Administration Appeals Council, RR.1-3, which rendered the ALJ's decision ripe for this Court's review. *See* 42 U.S.C. § 405(g); *Sims v.*

*Apfel*, 530 U.S. 103, 106-07 (2000) ("[Social Security Administration] regulations provide that, if ... the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision.").

## Standard of Review

A reviewing court assesses the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (internal quotation marks omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla, but it need not be a preponderance.'" *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)).

When conducting its review, the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). But judicial review must not be "so obsequious as to be meaningless." *Brown*, 192 F.3d at 496 (quotations omitted). The court must scrutinize the record as a whole, taking into account whatever fairly detracts from the weight of

evidence supporting the Commissioner's findings. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

## Analysis

### I. Legal Framework

"The Commissioner uses a sequential, five-step approach to determine whether a claimant is ... disabled: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)) (footnote omitted). Before moving from step three to four, the ALJ determines the claimant's residual functional capacity, which is used to evaluate steps four and five. *Id.* at 776 n.2 (quoting 20 C.F.R. § 404.1520(a)(4)).

"Under this five-step approach, if the Commissioner determines at a prior step that the applicant is or is not disabled, the evaluation process stops ...." *Id.* at 776 (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof at the first four steps. *Kneeland v. Berryhill*, 850 F.3d 749, 753-54 (5th Cir. 2017). At the fifth step, the burden of proof shifts to the

Commissioner "to establish the existence of other available substantial gainful employment that a claimant can perform." *Id.*

## II. **The ALJ's determination was not supported by substantial evidence.**

Rodriguez Rodriguez claims that the ALJ's RFC determination was not supported by substantial evidence in several respects. *See* Dkt. 15. Rodriguez Rodriguez argues that the ALJ improperly found Dr. Thomas Haher and Dr. Kalyani Ganesh's opinions less than persuasive without providing an adequate explanation. *Id.* at 7-11. Rodriguez Rodriguez also asserts that, in assessing Dr. Ganesh's medical opinions, the ALJ mischaracterized the opinion with respect to the need for a cane. *Id.* at 8-9. He then contends that the ALJ's errors were prejudicial because a more accurate RFC would have resulted in a different disability determination. *Id.* at 11-12.

As explained below, the Court agrees that the ALJ's analysis and explanation are legally deficient, and that these deficiencies prejudiced Rodriguez Rodriguez's interests. Remand is therefore warranted.

### A. **The RFC was not supported by substantial evidence.**

Rodriguez Rodriguez challenges both the completeness and the accuracy of the RFC's physical exertional limitations. Remand is recommended because the ALJ erred both by omitting use of a cane in the RFC and by failing to explain Dr. Ganesh and Haher's persuasiveness.

7

> **i. The ALJ failed to explain her persuasiveness finding for Dr. Ganesh and Dr. Haher.**

First, Rodriguez Rodriguez argues that the ALJ failed to comply with the regulatory requirements of 20 C.F.R. § 416.920c, which require ALJs to provide an "adequate discussion" of at least how supportable or consistent a medical opinion is with the record evidence. *Id.* at 7-11. He takes specific issue with the ALJ's persuasiveness finding on Dr. Ganesh (the consultative examiner who opined on his physical exertional limitations) and Dr. Haher (his treating orthopedist). *Id.* These objections are well taken.

For claims filed on or after March 27, 2017, the Social Security Administration requires ALJs to explain how they evaluate a medical opinion's persuasiveness. *See Shugart v. Kijakazi*, 2022 WL 912777, at *3 (S.D. Tex. Mar. 29, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). "In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) 'other factors that tend to support or contradict' the opinion." *Id.* (citing and quoting 20 C.F.R. § 404.1520c(c)). Among those factors, the most important are supportability and consistency, *id.* § 404.1520c(b)(2), and a "sufficient explanation of the supportability and consistency of medical opinions is still a critical portion of the analysis," *Pearson v. Comm'r of Soc. Sec.*, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021), *report and*

8

*recommendation adopted*, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021). Because they are the two most important factors, the regulations state that an ALJ "*will* explain how we considered supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2) (emphasis added).

When analyzing the sufficiency of an ALJ's explanation, courts have required that "there be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (collecting cases). A generic statement or summary that a medical provider's opinion is inconsistent with the record as a whole does not suffice because "the Court cannot undertake a meaningful review of the ALJ's consideration" of the medical opinions." *Id.* at *7; *Cooley v. Comm'r of Soc. Sec.*, 2021 WL 4221620, at *7 (S.D. Miss. Sept. 15, 2021) (same). Without guidance from the ALJ, the reviewing court can only speculate about her reasons for finding an opinion unpersuasive. *Ramirez v. Saul*, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021); *Pearson*, 2021 WL 3708047, at *5.

The ALJ failed to provide such a "logic bridge" in her RFC determination. Though she describes some of Rodriguez Rodriguez's medical records, her discussion of Drs. Ganesh and Haher's persuasiveness is inadequate.

9

### 1. ALJ's evaluation of Dr. Ganesh

In finding Dr. Ganesh only somewhat persuasive, the ALJ provided the following, cursory explanation:

> While the opinion does not provide a function-by-function assessment of the claimant's abilities relevant to work, the examiner noted that the claimant although the claimant [sic] used a cane and brace during the examination, in his opinion[,] the claimant did not need the assistive device to perform the exam or to execute the movements. Moreover, the opinion is consistent with the determination that the claimant's conditions are not disabling. Accordingly, the evidence is consistent with the residual functional capacity set forth herein.

R.27. On its face, the ALJ's opinion does not discuss the supportability of Dr. Ganesh's opinions which, unlike the latter three factors, *must* be provided. *See* 20 C.F.R. § 404.1520c(b)(2). And with respect to consistency, the opinion merely states that Dr. Ganesh's opinion is "consistent with the determination that claimant's conditions are not disabling" and "consistent with the residual functional capacity set forth herein." R.27.

This is not the analysis that the regulations require. The ALJ essentially concluded that Dr. Ganesh's opinion is consistent with *her own conclusions*. That is not at all a finding on whether Dr. Ganesh's opinion is consistent "with *the evidence* from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520(c)(2) (emphasis added). In other words, the ALJ needed to compare Dr. Ganesh's opinions with other record evidence before making a

consistency finding. She did not do that here. As a result, the ALJ's analysis fails to comply with Section 404.1520c.

### 2. ALJ's evaluation of Dr. Haher

The ALJ's persuasiveness explanation for Dr. Haher is non-compliant, as well. The RFC analysis summarized several of Rodriguez Rodriguez's visits to Dr. Haher, R.22-25, including one functional assessment report. The ALJ paraphrased Dr. Haher's opinion at that time: "that the claimant was unable to complete any activities except treatment or rehabilitation[,] that the claimant had serious limitations in the abilities to walk, stand, sit, and lift and carry[,] and that the limitations were expected to last for about four to six months." R.28.

Nonetheless, the ALJ found Dr. Haher's opinion only "somewhat persuasive," but on inadequate grounds:

> While the opinion seems to support a finding that a claimant is not disabled given the estimated duration of the limitations, but [sic] the opinion that the claimant is unable to work concerns an issue reserved to the Commissioner.

*Id.* Much like her analysis of Dr. Ganesh's opinions, the ALJ appeared to base her assessment of Dr. Haher's persuasiveness on whether it aligned with her own determination that Rodriguez Rodriguez is not disabled.[1] This ignores the

---

[1] Though the ALJ's supportability assessment is inadequate, the Court notes that the ALJ relies on a single functional examination by Dr. Haher that did not take place—at least not on the cited date of January 27, 2016. *See* R.27. Dr. Haher did, however,

11

requirement that she articulate how supportable Dr. Haher's opinions are with respect to record's "objective medical evidence and supporting explanations." 20 C.F.R. § 404.1520c(c)(2). Yet the ALJ's opinion did not explain how Dr. Haher's opinions were consistent with anything in the record. Accordingly, her assessment of Dr. Haher's opinions is deficient. *Id.*

### 3. Failure to rely on any medical opinions

Relatedly, Rodriguez Rodriguez argues that the ALJ erred by finding no medical opinions persuasive because that necessarily led her to formulate an RFC based solely on the ALJ's lay opinion. Dkt. 15 at 11. This contention invokes the principle that an RFC determination may be erroneous when wholly unsupported by any medical opinion. *See Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012); *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (ALJs "may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on evidence of his or her

---

perform a functional examination on January 16, 2017, where he expected Rodriguez Rodriguez's symptoms to improve in four to five months. R.1425-28.

While that mistake may be a mere typographical error, the ALJ nonetheless failed to discuss earlier functional examinations that Dr. Haher performed. This includes Dr. Haher's examinations on October 24, 2014 (R.1415-16), April 23, 2015 (R.1417-18), or December 12, 2016 (R.1423-24), where Dr. Haher predicted that Rodriguez Rodriguez would improve in a matter of months, but apparently continued to adjust that prognosis as he continued to treat and evaluate Rodriguez Rodriguez. As such, the ALJ's paraphrase of Dr. Haher's opinion—that Rodriguez Rodriguez's disability was of limited duration—is suspect insofar as it is based only off the latest examination in the record and ignores Dr. Haher's recognition of unexpected, prolonged symptoms.

claimed medical conditions … [and] may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions").

But here, the ALJ did not find either Dr. Ganesh or Dr. Haher entirely unpersuasive. She found both to be "somewhat persuasive" and afforded their opinions "some weight" in the RFC analysis. R.27-28. The problem is not that the ALJ fashioned the RFC without reference to any medical opinion; instead, the ALJ failed to explain why and how these doctors' opinions were unsupported by or inconsistent with the record—and in what ways their opinions, if somewhat persuasive, affected the ALJ's formulation of Rodriguez Rodriguez's RFC. As such, this alleged error overlaps with the ALJ's failure to comply with Section 416.920c, detailed above. *See* Parts II.A.i.1 & 2.

### ii. The ALJ lacked substantial evidence to find that Rodriguez Rodriguez did not need a cane.

Rodriguez Rodriguez also takes issue with the omission of his need for a cane in the RFC determination. Dkt. 15 at 7-8. Notably, the ALJ's previous RFC did include use of a cane, stating unequivocally: "The claimant also requires the use of a cane for ambulation when walking long distances (meaning more than one block)." R.187. But this limitation was omitted from the ALJ's second decision, R.22, despite the ALJ's statement that the scope of remand was limited to reconsidering "whether the claimant is illiterate or unable to speak English." R.17. And despite the passage of two years between

13

the first hearing in September 2018 (R.72-117) and the re-hearing in October 2020 (R.118-58), the ALJ did not reference any new medical records or medical opinions when explaining the updated RFC. *See* R.22-28. In other words, the objective evidence on which the ALJ relied was the same as that underlying her original November 2018 determination.

Nevertheless, the updated RFC determination could stand if it were supported by substantial evidence. But it is not. The ALJ apparently justified her about-face regarding Rodriguez Rodriguez's cane use by citing his hearing testimony and Dr. Ganesh's consultative examination. R.23, 27. Those sources do not, however, constitute substantial evidence that Rodriguez Rodriguez does not require a cane for walking.

First, the ALJ noted Rodriguez Rodriguez's testimony claiming to have been prescribed a cane that he uses daily. R.134, 140. But the opinion discounts this testimony, purportedly because "the evidence did not include a prescription for an assistive device." R.23. This conclusion is belied by facts explicitly recounted elsewhere in the ALJ's opinion. A mere three paragraphs later, the ALJ describes Rodriguez Rodriguez's medical history from his time in New York: "Karen Cleveland, NP, *prescribed* water therapy, *a quad point cane*, and baclofen. R.23 (emphasis added); R.1223 (Rodriguez Rodriguez's March 31, 2015 visit to the New York Spine & Wellness Center, indicating the prescription of a cane). This plainly constitutes evidence that Rodriguez

14

Rodriguez *was* prescribed a cane. In any event, the ALJ need not have found the prescription to have considered the need for a cane. *Duenes v. Kijakazi*, 578 F. Supp. 3d 859, 872 (S.D. Tex. 2022) (ALJs "must always consider the particular facts of a case," as neither the prescription "nor lack thereof is necessarily dispositive of medical necessity") (internal citations omitted).

Second, the ALJ characterized Dr. Ganesh's opinions as broader and more definitive than the records support. Specifically, the ALJ relied on Dr. Ganesh's supposed finding that "the claimant did not need the assistive device to perform the exam or execute movements." R.27. The ALJ later relies on that finding to conclude that "the use of a cane is not medically necessary" even though "a cane was noted as used in a few exam visits." R.28. In reality, however, Dr. Ganesh's exam notes are agnostic about Rodriguez Rodriguez's need for a cane for daily ambulation. Instead, Dr. Ganesh noted that Rodriguez Rodriguez "needed no help changing for [the] exam or getting on and off [the] exam table. Able to arise (sic) from chair without difficulty." R.708. Nothing is stated about whether Rodriguez Rodriguez needed a cane for walking. The ALJ overstated the objective medical evidence with respect to Dr. Ganesh's examination. *See.* Dkt. 15 at 8.

Thus, by the ALJ's own recognition, there *is* evidence that Rodriguez Rodriguez uses a cane for daily activities. R.28, 134, 140. Far from being supported by substantial evidence, the ALJ's findings were internally

15

inconsistent and based on inaccurate characterizations of the evidence. *See Sonnen v. Astrue*, 2012 WL 3527921, at *14 (S.D. Tex. Aug. 13, 2012) (ALJ's mischaracterization of testimony and medical records was not substantial evidence that supported the ALJ's findings). This was error.

### B. The ALJ's errors were prejudicial.

Having determined that the ALJ erred, the remaining question is whether the ALJ's errors were harmless. *See generally Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (analyzing an ALJ's failure to provide an explanation for a different step-three finding). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Shugart*, 2022 WL 912777, at *4 (quoting *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006)). That is not so here.

Rodriguez Rodriguez argues that the ALJ's failure to consider Drs. Ganesh and Haher's opinions more persuasive resulted in an inaccurate RFC finding; in turn, the ALJ used this RFC to conclude that Rodriguez Rodriguez could perform available jobs in the national market. Dkt. 15 at 11-12. The Court agrees that the ALJ's legal error was prejudicial.

As described *supra*, the ALJ's RFC determination contained contradictions and mischaracterizations, in addition to a failure to comply with Section 404.1520c. *See supra* Part II.A. Had the ALJ applied the proper framework for analysis, she may have reached a different RFC determination.

Moreover, the RFC's use in steps four and five compounds the error, making it more "conceivable that the ALJ could make a different administrative decision upon further review." *Shugart*, 2022 WL 912777, at *4. The legal error was therefore prejudicial because it "clearly implicates [Rodriguez Rodriguez's] substantive rights." *Cooley*, 2021 WL 4221620, at *8.

For example, Rodriguez Rodriguez appeals the new omission of his assistive device (a cane) in his RFC. *See* Dkt. 15 at 8; R.22 (RFC determination). The ALJ used a hypothetical person with that RFC to question the vocational expert about certain light work jobs—including the jobs that the ALJ ultimately determined were available to Rodriguez Rodriguez. R.146-48. When asked if use of a cane would impede a hypothetical person of Rodriguez Rodriguez's capabilities from performing those jobs, the vocational expert said yes: "A person would be unable to perform the other jobs listed requiring the use of a cane." R.148. Therefore, at minimum, the ALJ's mischaracterization of Dr. Ganesh's opinion and determination that Rodriguez Rodriguez did not need a cane impacted the vocational expert's testimony which, in turn, may have affected the conclusion regarding Rodriguez Rodriguez's disability.[2] The proper remedy is to remand for further proceedings.

---

[2] Other adjustments to the RFC and corresponding vocational expert testimony may be necessary after the ALJ re-evaluates or explains Drs. Ganesh and Haher's persuasiveness.

17

## Recommendation

Accordingly, the Court **RECOMMENDS** that Rodriguez Rodriguez's Motion for Summary Judgment (Dkts. 14, 15) be **GRANTED**, that Defendant's Motion for Summary Judgment (Dkts. 12, 13) be **DENIED**, that the decision of the Commissioner of the Social Security Administration be **VACATED,** and the matter be **REMANDED** for further administrative proceedings consistent with this Memorandum and Recommendation.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on December 15, 2022 at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge